UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ARCELL WILLIAM CARTER,<br><br>    Petitioner,<br><br>v.<br><br>O'BELL THOMAS WINN,<br><br>    Respondent. | Case No. 20-cv-10575<br>Honorable Denise Page Hood |

**ORDER DENYING PETITIONER'S MOTION TO SUPPLEMENT OR AMEND PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Arcell Carter filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his convictions for first-degree premeditated murder, Mich. Comp. Laws § 750.316(1)(a); felon in possession of a firearm, Mich. Comp. Laws § 750.224f; and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. Respondent has filed an answer to the petition. (Docket No. 10, filed 8/11/2020). Pending before the Court is Petitioner's motion to supplement or amend the petition for writ of habeas corpus. (Docket No. 14, filed 5/11/2022). For the reasons that follow, the Court denies the motion.

Petitioner requests that the Court permit him to amend his petition to add additional claims regarding the ineffective assistance of trial and appellate counsel. He acknowledges that these claims were not presented to the state courts on direct appeal or in a post-conviction motion.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U.S. 270, 275–78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith*, 581 F.3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. *Id*. A "strong presumption" exists that all available state remedies must be exhausted before a petitioner files a petition for writ of habeas corpus. *Granberry v. Greer*, 481 U.S. 129, 131, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987).

In addition, federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230, 124 S.Ct. 2441, 159 L.Ed.2d 338 (2004) (citing *Rose v.*

*Lundy*, 455 U.S. 509, 510, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982)); *See also Nasr v. Stegall*, 978 F. Supp. 714, 716 (E.D. Mich. 1997).  The Sixth Circuit has indicated that when a habeas petitioner has filed a motion to amend a habeas petition to include unexhausted claims, "the optimal course of action" is for the district court to deny the motion to amend and to provide the habeas petitioner with "the option of either proceeding with . . . [the] exhausted claims or withdrawing [the] petition and pursuing [the unexhausted] claim[s] in state court." *Rockwell v. Yukins*, 217 F.3d 421, 424 (6th Cir. 2000).

Because Petitioner seeks to add unexhausted claims, the Court will deny the motion.  The Court will also order Petitioner to notify this Court, within thirty days of this order, whether he wishes to withdraw his petition in order to exhaust his four new claims with the state courts. If Petitioner informs this Court that he wishes to pursue his unexhausted claims in the state courts, the Court will then decide whether to dismiss the petition without prejudice or stay further proceedings and hold the petition in abeyance pending the exhaustion of state court remedies.  If Petitioner decides to proceed only with the claims that are contained in his original habeas petition, he need not take any action and the Court will proceed to the merits

of those claims after the thirty-day time period has passed. *See Maybee v. Ocwieja,* No. 2009 WL 3188677, *1 (E.D. Mich. Sept. 29, 2009).

Accordingly, **IT IS ORDERED** that Petitioner's motion to supplement or amend petition for writ of habeas corpus (Docket No. 14, filed 5/11/2022) is **DENIED**.

It is further **ORDERED** that Petitioner is directed to notify the Court in writing, within thirty (30) days of the date of this order, whether he wishes to withdraw the petition in order to return to state court to pursue his unexhausted claims. If Petitioner timely notifies the Court that he wishes to pursue his unexhausted claims, the Court will then decide whether to dismiss the petition without prejudice or stay further proceedings and hold the petition in abeyance pending the exhaustion of state court remedies. If petitioner wishes to proceed only with the claims contained in his original petition, he need not take any action and the Court will proceed to the merits of those claims after the thirty-day time period has passed.

**IT IS SO ORDERED**.

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

Dated:  October 28, 2022